**Walter DLUTZ, Petitioner,**

v.

**FEDERAL TRADE COMMISSION.**

No. 17262.

United States Court of Appeals
Third Circuit.

Argued Dec. 6, 1968.

Decided Jan. 23, 1969.

Certiorari Denied June 2, 1969.
See 89 S.Ct. 1996.

Mr. Walter Dlutz, pro se.

W. Risque Harper, Office of the Gen. Counsel, F. T. C., Washington, D. C. (James McI. Henderson, Gen. Counsel, J. B. Truly, Asst. Gen. Counsel, F. T. C., on the brief), for appellee.

Before HASTIE, Chief Judge, and KALODNER and VAN DUSEN, Circuit Judges.

PER CURIAM:

The Federal Trade Commission issued an Order to cease and desist from deceptive business practices against the General Transmission Corporation of Washington, Walter Dlutz, individually and as an officer of the corporation, and William J. Green, Jr., individually and as an agent of the corporation. The cease and desist order was issued at the close of an administrative proceeding charging the corporation, Dlutz and Green, with engaging in false and deceptive practices in the conduct of the corporation's business of advertising, repair and sale of automotive transmissions in the District of Columbia, in violation of Section 5(a) (1) of the Federal Trade Commission Act.[1] Dlutz is sole stockholder of the corporation and its president, treasurer and one of three directors.

The corporation and Green have not challenged the Commission's cease and desist order. Dlutz filed this *pro se* petition for review. He contends that the record does not support the Commission's findings that he directed and controlled the corporation's operations and that he had full knowledge of their unlawful nature, and urges that, for that reason, the cease and desist order should not extend to him in his individual capacity.

On review of the record we are of the opinion that the evidence supports the Commission's fact findings, and accordingly they are conclusive. General Foods Corporation v. Federal Trade Commission, 386 F.2d 936, 940 (3 Cir. 1967); Pati-Port, Inc. v. Federal Trade Commission, 313 F.2d 103, 104 (4 Cir. 1963).

As to Dlutz' contention that the Commission's order is too sweeping, we need only say we can see no basis for so holding in view of the prevailing circumstances. The order is certainly a per-

1. 66 Stat. 632, 15 U.S.C.A. § 45(a).

missible one. A similar order was affirmed in *Pati-Port*.

For the reasons stated the Commission's order will be affirmed and enforced.